UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUMBERTO MARTINEZ,

    Petitioner,

v.                                                      CASE NO: 8:04-cv-2396-T-26MSS

JAMES V. CROSBY,

    Respondent.
_____/

**O R D E R**

This case is before the Court on remand from the Eleventh Circuit for development of the record to determine which, if any, post-conviction motions filed by Martinez tolled the statute of limitations for the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244(d)(2). The Eleventh Circuit requested this Court to review the actual motions to determine whether Martinez's petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 is timely.

**Chronological Procedural History of the Case**

Martinez's judgment and sentence were signed by a state circuit judge on May 9, 2002, and recorded and filed on May 16, 2002. (Dkt.32, Exh. 5). Martinez did not appeal his judgment and sentence.

On June 20, 2002, Martinez, pro se, signed and mailed a form document titled "Petition for Clarification." (Dkt. 32, Exh. 6). The Petition requested the following, even though the sentence on page 6 informed Martinez that he had received eleven (11) days' jail time credit for time served on both counts as of May 9, 2002:

> I would like this court to clarify the amount of jail time credited I received, cause it's not on judgment papers. Nor was I credited in DOC.

The Petition was actually filed by the clerk on June 27, 2002.

In an order executed July 15, 2002, the circuit judge refers to the Petition as a "Motion for Clarification," and granted the motion "for clarification purposes only." (Dkt. 32, Exh. 7). The order provides in pertinent part:

> Defendant seeks to know the amount of jail credit he has received in the above-styled case. The record reveals the Defendant has received eleven (11) days of jail credit. (See attachment.)

The attachment consists of a one-page DOC Sheriff's Certificate showing that Martinez was arrested on April 28, 2001, and convicted and sentenced on May 9, 2002; however, the number "11" is hand-written and circled beside the Sheriff's official printed name. There is no indication who wrote in the circled number "11." It is apparent, however, that the year 2001, which is reflected under the arrest date on the attachment, was not used in calculating the number of days spent in jail before judgment and sentence. Had the year 2001 been employed, the number of days for which Martinez would have been credited for time served in jail would have been 376.

The next two post-conviction motions were filed in August 2002. First, Martinez, pro se, filed a motion to allow credit for jail time on August 7, 2002, which was noted received in the circuit court clerk's office on August 8, 2002.[1] (Dkt. 32, Exhs. 8, 9 & 10). Martinez requested 376 days' credit for time served on each count and cited Florida Rule of Criminal Procedure 3.800(a). On August 8, 2002, Martinez's attorney also filed a motion to correct credit for time served, citing Rule 3.800(a), for the exact same relief— 376 days' credit for time served. (Dkt. 32, Exh. 11). On October 4, 2002, the state circuit judge issued an order granting both motions as identical and awarded Martinez 376 days of jail credit time on the offenses. (Dkt. 32, Exh. 12).

On September 24, 2003, Martinez, pro se, executed and "delivered" to the prison authorities for mailing, a motion for post-conviction relief pursuant to Rule 3.850, which was actually filed with the clerk's office on September, 29, 2003. (Dkt. 32, Exh. 13). In his motion, Martinez referenced a prior motion for modification of sentence pursuant to Rule 3.800(c), which he asserts was denied. (Dkt. 32, Exh. 13 at para. 13). He lists no other motions or petitions that he filed, thereby failing to mention at least one of the two motions he filed with the state circuit court. In his motion, Martinez claims his guilty plea was involuntary because his counsel promised him a particular sentence, which he did not receive. (Dkt. 32, Exh. 13 at pgs. 5 & 6). On January 7, 2004, Judge Michael E.

---

[1] Martinez did not date the motion, and a clerk's office letter confirms the motion was received on August 8, 2002. The State, however, recites in its Corrected Motion to Dismiss that the motion reflects the clerk's date stamp of August 7, 2002.

Raiden denied the motion for post-conviction relief, finding that the transcript of the plea hearing belied the facial allegations of the motion. (Dkt. 32, Exh. 14). The order was filed and therefore rendered on January 13, 2004. Martinez appealed the order and on September 24, 2004, the state district court of appeal affirmed. Martinez v. State, 2004 Fla. App. LEXIS 14112 (Fla.Dist.Ct.App. 2004). The mandate issued October 25, 2004.[2]

On October 26, 2004, Martinez, pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which is the instant case. (Dkt. 1). This Court dismissed the petition as time-barred. (Dkt. 3). On appeal, the Eleventh Circuit remanded for further development of the record and further analysis based on that development.

**Analysis**

The AEDPA imposes a one-year limitation on all habeas corpus writs brought pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1)(A). The one-year statute of limitations begins to run for state prisoners bringing habeas petitions in federal court from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); Bond v. Moore, 309 F.3d 770, 772-73 (11th Cir. 2002). A judgment of conviction becomes "final" for purposes of § 2254 under two circumstances: "(1) if the prisoner files a timely petition for certiorari, the judgment becomes 'final' on the date on which the

---

[2] See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (citing Florida law for proposition that criminal defendant's judgment becomes final upon issuance of mandate from direct appeal).

Supreme Court issues a decision on the merits or denies certiorari, or (2) the judgment becomes 'final' on the date on which the defendant's time for filing such a petition expires." Bond, 309 F.3d at 773 (quoting Kaufmann v. United States, 282 F.3d 1336, 1339 (11th Cir. 2002)).  In this case, the second circumstance is applicable, because Martinez did not file a petition for certiorari in the Supreme Court.[3]

Under the second prong, generally, the judgment becomes "final" when the time for filing a petition of certiorari in the Supreme Court expires.  "A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." Sup.Ct. R. 13.1.  Thus, as a general rule, the conviction and sentence become final for purposes of determining the start date for the 90-day period when all discretionary review by the state court of last resort has ended.  Apart from the 90-day period, any time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[,]" the one-year limitation is tolled.  28 U.S.C. § 2244(d)(2).

*Pending Collateral Review*

In this case, Martinez's judgment and sentence became final when the appeal period expired, or thirty days from the rendition of the judgment and sentence, even

---

[3] As will be addressed later, Martinez could not have sought certiorari relief in the Supreme Court.

though sentence was imposed after a plea. See McGee v. State, 684 So.2d 241 (Fla.Dist.Ct.App. 1996); Fla.R.App.P. 9.110(b) (stating appeal from final order must be filed within 30 days of rendition of order to be reviewed). Rendition is defined as the date the judgment and sentence are filed with the clerk, which in this case was May 16, 2002. F.R.A.P. 9.020(h); Bermudez v. State, 901 So.2d 981, 984 (Fla.Dist.Ct.App. 2005) (quoting Rule 9.020(h) that sentence is rendered when signed, written order is filed with clerk of court); Parnell v. State, 642 So.2d 1092 (Fla.Dist.Ct.App. 1994). Rendition is suspended, however, if a timely-filed motion to correct a sentence is filed pursuant to Rule 3.800(b)(1). Fla.R.App.P. 9.020(h); Hyden v. State, 715 So.2d 960, 961 (Fla.Dist.Ct.App. 1998). The final judgment and sentence shall not be deemed rendered until the 3.800(b)(1) motion is ruled on in a signed written order and filed with the clerk. Fla.R.App.P. 9.020(h)(1).

The file reveals that no motions were filed during the thirty days following the May 16, 2002, rendition date. Thus, Martinez's judgment and sentence became final for state appellate purposes on June 17, 2002. Because June 15, 2002, fell on a Saturday, the date of finality becomes the following business day, or June 17, 2002.

On June 20, 2002, Martinez signed the motion to clarify. Giving Martinez the benefit of the mailbox rule by assuming he gave it to a prison official for mailing on June 20, 2002, the Court will deem it filed on that date for purposes of this analysis. In his petition to clarify the sentence, he claimed that no amount of jail credit time was noted on

the "judgment papers."[4]  Martinez received the relief requested, which was for the judgment and sentence to reflect the amount, if any, of jail credit time he had received.[5] Martinez did not appeal the order of July 15, 2002, which granted the specific relief he requested.

Generally, a motion requesting that the sentence reflect an amount of time, if any, for jail credit would not be considered as seeking the type of post-conviction relief provided under either Rule 3.850 or 3.800(a).[6]  The relief requested in Martinez's motion does not challenge the amount of credit he received for jail time and therefore the

---

[4]  The judgment and sentence, however, clearly show that eleven days' credit were given for jail time spent on the offenses at issue in this case.

[5]  For argument's sake, the Court will assume the motion as one for mitigation or reduction of sentence under 3.800(c), which was filed within 60 days of the judgment and sentence.  See Seward v. State, 912 So.2d 389 (Fla.Dist.Ct.App. 2005); Linton v. State, 702 So.2d 236 (Fla.Dist.Ct.App. 1997) (holding that during Rule 3.800(c)'s 60-day jurisdictional limit for modification of sentence, circuit judge could have granted, but not rescinded, jail credit).  Any such assumption, however, would be based on flawed reasoning, because Martinez never stated how much jail credit time to which he thought he was entitled, but merely asked that the judgment and sentence reflect the correct amount of credit. He did not seek to have his sentence mitigated.
    Motions to mitigate are nonappealable, save for issues related to timeliness, which are reviewable by certiorari in the state appellate court.  See Seward; Brown v. State, 707 So.2d 1191 (Fla.Dist.Ct.App. 1998); Wiley v. State, 705 So. 2d 127 (Fla.Dist.Ct.App. 1998).  Moreover, one circuit has held that a motion for reduction of sentence required by West Virginia law to be filed within 90 days after sentencing, does not constitute applications for collateral review within the meaning of 28 U.S.C. § 2244(d)(2).  See Walkowiak v. Haines, 272 F.3d 234, 237-38 (4th Cir. 2001).

[6]  Because Martinez filed the petition to clarify after the thirty-day appeal period had run, his judgment and sentence were considered final for purposes of beginning relief sought on a collateral or post-conviction basis.

"legality" of the sentence, or the actual time of incarceration. Had he challenged the amount of credit for jail time as being insufficient, the motion could and should have been considered as one attacking the legality of his sentence, and therefore properly brought under Rule 3.800(a). See, e.g., State v. Mancino, 714 So.2d 429, 433 (Fla.Dist.Ct.App. 1998). Because it did not contain a basis for attacking the sentence as illegal, it was properly not construed as a Rule 3.800(a) motion.[7]

The next two motions filed on behalf of Martinez were unquestionably, however, motions filed pursuant to Rule 3.800(a). Both the motion filed pro se and the one filed by his attorney sought the same relief from an illegal sentence: improper credit for time spent in jail on the offenses covered by the judgment and sentence. Post-conviction motions filed pursuant to Rule 3.800(a), as well as Rule 3.850, so long as "properly filed"[8] warrant a tolling or suspension of the one-year limitation under the AEDPA. See Ford v. Moore, 296 F.3d 1035 (11th Cir. 2002). The earliest of the motions was filed on August 7, 2002, which starts the tolling clock for the pending collateral review process. See Wade v. Battle, 379 F.3d 1254, 1261-62 (11th Cir. 2004) (quoting Carey v. Saffold, 536 U.S. 214, 219-20 (2002), that an application is "pending" while the state collateral review process is

---

[7] Cf. Tillman v. State, No. 1D05-3033, 2005 WL 2838465 (Fla.Dist.Ct.App. Oct. 31, 2005) (reversing trial court's denial of motion to mitigate based on procedure applicable to motions to mitigate, because motion sought relief directed to legality of sentence and should have been treated as one filed under 3.800(a)).

[8] See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that application for post-conviction relief is "properly filed" when it is delivered and accepted in compliance with the applicable laws and rules governing filings).

"in continuance"— i.e., "until the completion of that process"). The order granting relief was entered on October 4, 2002, and according to the State, was filed, or rendered, on October 8, 2002.[9] The time for appealing the order expired thirty days thereafter, on November 7, 2002. Thus, for the two Rule 3.800(a) motions, the pending collateral review process ran from August 7, 2002, through November 7, 2002.

With respect to the last post-conviction motion filed, the Court will again give Martinez the benefit of the mailbox rule and find that the 3.850 motion was deemed filed on September 23, 2003, arguably the day he handed it to the prison officials for mailing. After the order of denial was rendered on January 13, 2004, and after an unsuccessful appeal, the mandate issued October 25, 2004. Thus, the collateral review process was pending from September 23, 2003, through October 25, 2004.[10]

*Application of the 90-day period for certiorari*

Having determined that the first petition for clarification of sentence did not toll the AEDPA and having determined all of the pending collateral review process days for purposes of tolling under the AEDPA, the Court will now address the 90-day period, which, if applicable, is added to the one-year limitation.[11] See Bond. The State correctly

---

[9] The copy before the Court shows only the date the judge signed the order and not the date the order was stamped as filed by the clerk.

[10] See Tinker, 255 F.3d at 1333, holding that issuance of mandate from direct appeal makes sentence final and therefore that date is used for purposes of AEDPA's one-year limitation.

[11] As a rule, the 90-day certiorari period does not count in calculating the one-year limitations period under the AEDPA. See Nix v. Secretary of Dept. of Corrections,

asserts that the 90-day period for filing a petition for certiorari in the Supreme Court should not be added to the one-year statute of limitations, because Martinez failed to avail himself of direct review by a state court of last resort, i.e., the Florida Supreme Court. Once Martinez failed to file an appeal from his judgment and sentence, he could no longer petition for certiorari in the Supreme Court as a matter of federal law, having chosen not to seek review by a state court of last resort. See 28 U.S.C. § 1257; Nix, 393 F.3d at 1236 (citing certiorari statute permitting review of final judgments rendered by highest court of state only); Brown v. Farrell, No. C.A. 04-0818-BH-C, 2005 WL 2233069, at *2 (S.D. Ala. Aug. 24, 2005) (applying Alabama law and noting that because petitioner did not file appeal of state court conviction and therefore could not seek review in highest court of Alabama, certiorari review in Supreme Court was "not an option"). Consequently, the 90-day period is inapplicable in this case. See Roberts v. Cockrell, 319 F.3d 690. 694 (5th Cir. 2003) (holding that under AEDPA where finality arises from "the expiration of the time for seeking such review" by way of certiorari in Supreme Court, conviction becomes final after 90-day period for seeking certiorari has expired unless "defendant stops appeal process before that point" in which case conviction becomes final when time for seeking further direct review in state court expires); Bridges v. Johnson, 284 F.3d 1201, 1202-03 (11th Cir. 2002) (holding that judgment and sentence become final on date time for seeking direct review in state court expires).

---

393 F.3d 1235, 1236 (11th Cir. 2004).

The start date for the one-year limitations period is June 18, 2002, the day after his judgment and sentence became final. The periods of tolling occurred during pending collateral review, which encompasses from August 7, 2002, through November 7, 2002, and from September 23, 2003, through October 25, 2004. Thus, a total of 50 days passed within the limitations period between the finality of his judgment and sentence and the first "properly filed" motion for post-conviction relief. Another 318 days passed within the limitations period between the conclusion of the first post-conviction process and the beginning of the second, for a total of 368 days. Consequently, the Court finds that Martinez's petition for habeas corpus was time-barred as more than 365 days passed from the finality of his judgment and sentence to the day his petition was filed in this action.

Accordingly, it is ordered and adjudged as follows:

1) Respondent's Motion to Dismiss (Dkt. 33) is granted.

2) The Clerk is directed to enter judgment for Respondent.

3) The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, on November 23, 2005.

s/
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record and Petitioner, pro se